UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GALVAN,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH E. DUFFIE,<br><br>        Defendant.<br>_____ | Case No. ED CV 13-1492-BRO (PJW)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Hon. Beverly Reid O'Connell, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that Defendant's motion for summary judgment be denied.[1]

I.

SUMMARY OF FACTS AND PROCEEDINGS

In January 2010, Plaintiff, a state prisoner at Ironwood State Prison, went to see Defendant Dr. Kenneth E. Duffie, a dentist working

---

[1] This Final Report and Recommendation has been issued to address arguments raised by Defendant Dr. Duffie in his Objections to the original Report and Recommendation. (Doc. No. 62.) Because the ultimate decision remains unchanged, the parties have not been given an opportunity to file additional objections.

at the prison.  (First Amended Complaint ("FAC")[2] at 5; Dr. Duffie Decl. at ¶ 3.)  Plaintiff had previously been told that one of his teeth was showing signs of decay and needed to be extracted.  (FAC at 5.)

Dr. Duffie examined Plaintiff's tooth, his x-rays, and his dental records and determined that the tooth (tooth number 15) needed to be removed.  (Dr. Duffie Decl. at ¶ 3.)  Plaintiff consented to having the tooth removed.  (Dr. Duffie Decl. at ¶ 3.)

As Dr. Duffie began pulling the tooth, however, he noticed that the adjacent tooth, number 16, began to move.  (Dr. Duffie Decl. at ¶ 4.)  He then stopped the procedure and informed Plaintiff that tooth number 15 was intertwined at the roots with tooth number 16 and that he would have to pull both teeth.  (Dr. Duffie Decl. at ¶¶ 4, 5, 7; FAC at 5-6.)  Plaintiff protested, telling Dr. Duffie that there was nothing wrong with tooth number 16 and that he did not want it removed.  (FAC at 6.)  Dr. Duffie showed Plaintiff his file and x-rays and explained that, while the condition was not apparent from the x-rays, he believed that both teeth needed to be pulled.  (FAC at 6; Dr. Duffie Decl. at ¶ 5.)  Plaintiff disagreed and objected again.  Over his objections, Dr. Duffie removed both teeth.  (FAC at 6-7; Dr. Duffie Decl. at ¶ 7.)  At some point during this procedure, a dental

---

[2] Because the FAC is verified, the Court has relied on it in formulating the facts. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (holding a verified complaint may be used as an opposing affidavit under Fed. R. Civ. P. 56); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam) (finding verified complaint in a pro se civil rights action may constitute an opposing affidavit for purposes of summary judgment where the complaint is based on an inmate's personal knowledge of admissible evidence and not merely on the inmate's belief).

assistant told Plaintiff that she had never witnessed an extraction "where the teeth were pulled out like that" in her 26 years as a dental assistant. (FAC at 6.)

As a result of having both teeth pulled, Plaintiff's face became swollen and he suffered a lot of pain. (FAC at 7.) In February 2010, he saw another dentist, Dr. Martinez. (FAC at 7.) Plaintiff asked Dr. Martinez if, in looking at the old x-rays, she could see any fusion or intertwining between the two teeth. (FAC at 7.) She told him that she could not. (FAC at 7.)

## II.

## ANALYSIS

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Dr. Duffie, alleging that he violated Plaintiff's constitutional rights when he pulled the second tooth over Plaintiff's objections. Dr. Duffie has moved for summary judgment, arguing that removal of the second tooth was medically necessary and that Dr. Duffie had a constitutional duty to provide necessary dental treatment. Plaintiff opposes the motion. For the following reasons, the motion is denied.

A. <u>Standard of Review</u>

Summary judgment is warranted upon a showing that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "genuine issue" exists if there is a sufficient evidentiary basis upon which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. *Id.* at 248. The burden is on the moving party to

establish that there are no disputed material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

B. <u>Dr. Duffie is Not Entitled to Summary Judgment on Plaintiff's Fourteenth Amendment Claim</u>

Dr. Duffie argues that he is entitled to summary judgment because removal of the second tooth was medically necessary and he had a constitutional duty to provide Plaintiff with necessary dental treatment, whether Plaintiff consented to it or not. (Motion at 6-7.) Plaintiff opposes the motion, arguing that he had a constitutional right to refuse having the second tooth pulled. The Court sides with Plaintiff.

Except in unusual circumstances, a prisoner has a constitutional right to refuse unwanted medical care. *See Cruzan by Cruzan v. Director, Missouri Dept. of Health*, 497 U.S. 261, 278 (1990) ("The principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions"); *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently.") (internal citations omitted). Though there are exceptions to this rule for life and death situations or for medical conditions that could impact the health and well-being of other prisoners or prison staff, *see, e.g., Washington v. Harper*, 494 U.S. 210, 222, 226 (1990), none of those exceptions applies here.

Plaintiff had a constitutional right to refuse having his tooth pulled. *Id.* at 221-22. Dr. Duffie's refusal to honor that right is

4

actionable under § 1983. *See Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel performed major surgical procedures upon the body of an inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security, may [be sufficient to state a cognizable Fourteenth Amendment due process claim]."). Plaintiff's verified First Amended Complaint establishing that that is what happened here is sufficient to overcome Dr. Duffie's summary judgment motion.

Dr. Duffie disagrees. Relying on *Lyons v. Traquina*, 2010 WL 3069336 (E.D. Cal. Aug. 4, 2010), he argues, as the doctor did in that case, that he had a duty to provide necessary medical care to Plaintiff and that that is what he did. This argument is rejected for several reasons. First, *Lyons* is not controlling and the Court does not find it persuasive. *Lyons* involved a prisoner who complained about a surgical procedure that was performed on him when he was unconscious. Prior to the surgery, the prisoner had signed a consent form--though he later claimed that it had been altered--which authorized the defendant doctor to perform various procedures during surgery, including the procedure the doctor performed. In the lawsuit that followed, the prisoner complained that the doctor should not have performed the procedure.

As the court explained in *Lyons*, however, that case did not involve "a situation where a prisoner completely withholds consent and medical officials nonetheless force him to undergo treatment despite the prisoner's objections." *Id.* at *10. That is what happened here. Plaintiff was conscious when Dr. Duffie determined that both teeth needed to be pulled and he told Dr. Duffie that he did not want the

5

second tooth pulled. Dr. Duffie ignored that command and pulled the tooth anyway. Plaintiff had a constitutional right to say no and Defendant's failure to honor that right precludes summary judgment. *Harper*, 494 U.S. at 221-22.

*Lyons* is also inapt because, in that case, the defendant doctor supported his summary judgment motion with a declaration from another doctor who opined that the procedure that the defendant doctor had performed was medically necessary. Here, Dr. Duffie has provided only his opinion that the extraction was necessary. And that opinion is undermined by Plaintiff's claim, albeit hearsay, that the dental assistant that assisted Dr. Duffie told Plaintiff at the time that the extraction was highly unusual. In addition, another dentist, Dr. Martinez, told Plaintiff that the teeth were not intertwined, as Dr. Duffie claims.

In his Objections, Dr. Duffie argues that the decision to remove both teeth was an exercise of his professional judgment and his judgment must be accepted as valid because there is no evidence that his decision to remove both teeth was a substantial departure from accepted dental practice or standards. He relies on *White v. Napoleon*, 897 F.2d 103, 113 (3rd Cir. 1990), for the proposition that a prisoner may be compelled to accept treatment when prison officials, in the exercise of their professional judgment, deem it necessary to carry out valid medical or penological objectives. (Doc. No. 62 at 10-12.) This argument is rejected. While the State has an interest in keeping its prisons safe for all inmates, and a constitutional duty to provide adequate medical treatment, that interest does not trump Plaintiff's right to refuse unwanted dental treatment given the facts

presented here. Plaintiff's life was not in danger nor did his condition threaten staff or inmates at the prison.

## III.
## RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Final Report and Recommendation, and (2) denying Defendant Dr. Duffie's motion for summary judgment.[3]

DATED: August 15, 2017

*Patrick J. Walsh*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\GALVAN\Final R&R Defendant SJ motion.wpd

---

[3] In his Objections, Dr. Duffie requests that he be permitted to bring a second summary judgment motion based on qualified immunity. (Doc. No. 62 at 15.) That issue should be raised in a separate motion, not in the objections.

7